UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Jennifer Howard**

    v.                                            Case No. 22-cv-549-PB
                                                                          Opinion No. 2024 DNH 009

**Wentworth-Douglass Physician Corporation, et al.**

## MEMORANDUM AND ORDER

Jennifer Howard was terminated from her job as a nurse anesthetist for refusing to comply with her joint employers' COVID vaccine policy. In this action, she asserts multiple federal and state law claims against her joint employers, Wentworth-Douglass Hospital (WDH) and Wentworth-Douglass Physician Corporation (WDPC), as well as their parent corporation, Mass General Brigham Incorporated (MGB). The defendants have responded with a motion to dismiss, contending that Howard's claims are barred by res judicata because Howard joined, but later abandoned with prejudice, a prior lawsuit against MGB challenging the same vaccine policy.

### I.    BACKGROUND

**A.**    **Howard's Employment and Termination**

MGB is a hospital and healthcare network with multiple affiliates,

including WDH and WDPC. MA Doc. 45 at 1; NH Doc. 15; NH Doc. 16.[1] WDH is a subsidiary of Mass General Brigham Community Division Inc., which, in turn, is a subsidiary of MGB. NH Doc. 15. WDH is the sole member of WDPC. NH Doc. 16. Howard was hired by WDPC in 2013 and was jointly employed by WDH and WDPC from December 2019 until her termination on November 5, 2021. NH Doc. 1 at 4.

On June 24, 2021, MGB issued a press release announcing that it would require its 80,000 employees to be vaccinated against COVID-19 once vaccines were approved for use by the U.S. Food and Drug Administration. MA Doc. 1-3 at 2. The announcement also stated that employees would "be able to request exemption[s] for medical and religious reasons." Id. at 3. In August, WDPC and WDH followed-up on the press release by "send[ing] emails to its staff, including [Howard], indicating their strong viewpoint on COVID" and stating that they and MGB "wanted all employees to be vaccinated." NH Doc. 1 at 5. Howard requested an exemption from the

---

[1] This Memorandum and Order cites documents filed in the current case as well as the earlier lawsuit brought against MGB in the District of Massachusetts. For clarity and convenience, citations to "NH Doc. No. ___" refer to docket entries in the current case, Howard v. Wentworth-Douglass Physician Corp., No. 1:22-cv-00549 (D.N.H. filed Dec. 9, 2022), and citations to "MA Doc. No. ___" refer to docket entries in the Massachusetts litigation, Adams v. Mass General Brigham Inc., No. 1:21-cv-11686 (D. Mass. filed Oct. 17, 2021).

vaccine requirement for "religious" and "health" reasons in early September 2021, but her request was denied approximately one week later. Id. She was discharged for failing to comply with the policy on November 5, 2021, the same day that MGB terminated hundreds of other noncompliant employees. Id. at 4, 6-8; MA Doc. 58 at 41.

**B.    The Massachusetts Action**

On October 17, 2021, eight MGB employees and an unincorporated association of 229 other employees filed an action in the District of Massachusetts contending that MGB's vaccine policy violated their rights under Title VII and the Americans with Disabilities Act (ADA). MA Doc. 1-2.

On December 17, 2021, the plaintiffs filed a notice dismissing the unincorporated association with prejudice, one of the named plaintiffs without prejudice, and all of the remaining plaintiffs' retaliation claims without prejudice. MA Doc. 57. That same day, the plaintiffs filed an amended complaint naming more than 200 individual plaintiffs but otherwise tracking the remaining allegations in the original complaint. MA Doc. 58.

The amended complaint named Howard as one of the plaintiffs and alleged that she "is an employee of [the] defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs." Id. at 22. The complaint also asserted, in common with other plaintiffs who had requested religious accommodations,

3

that MGB improperly denied their requests without an interactive process or a meaningful opportunity to submit supporting documentation. Id. at 42-44, 46-47. MGB answered the complaint on January 21, 2022. MA Doc. 63.

In the months after MGB filed its answer, the parties filed stipulations of dismissal resolving Howard's claims and the claims of numerous other plaintiffs. MA Doc. 70; MA Doc. 73; MA Doc. 76; MA Doc. 89; MA Doc. 96; MA Doc. 97; MA Doc. 139. The stipulations were signed by counsel for the plaintiffs and MGB, and they state in pertinent part that "[t]he parties agree, in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii), that the following plaintiffs will be dismissed from the above action, with prejudice, without costs and waiving any right to appeal." E.g., MA Doc. 70. Howard's claims against MGB were dismissed pursuant to a stipulation filed on February 28, 2022. Id.

C.  **The New Hampshire Action**

Howard subsequently filed her complaint in this court against WDH, WDPC, and MGB on December 9, 2022. NH Doc. 1. The complaint alleges that WDH and WDPC are liable as joint employers for religious discrimination, failure to accommodate, harassment, and retaliation in violation of Title VII and New Hampshire's Law Against Discrimination. Id. at 11-14. She also claims that both defendants are liable for wrongful discharge and for violating New Hampshire's Whistle Blower Protection Act. Id. at 15-18. She alleges that MGB is liable under New Hampshire law for

retaliation as a non-employer third party and for religious discrimination as an aider and abettor of WDH and WDPC. Id. at 14-15.

The defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the stipulation of dismissal that resolved Howard's claims against MGB in the Massachusetts action also bars her claims against all the defendants in this action. NH Doc. 10. Howard concedes that her current claims against MGB are barred, but she nevertheless asserts that she is entitled to maintain her claims against WDH and WDPC. NH Doc. 19.

## II. STANDARD OF REVIEW

To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must include factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under this standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). Plausibility demands "more than a sheer possibility that [the] defendant has acted unlawfully" or "facts that are merely consistent with [the] defendant's liability." Id. (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted). Although the complaint need not set forth detailed factual

5

allegations, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555).

In evaluating the pleadings, I excise any conclusory statements from the complaint and credit as true all non-conclusory factual allegations and reasonable inferences drawn from those allegations. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). I "may also consider 'facts subject to judicial notice, implications from documents incorporated into the complaint, and concessions in the complainant's response to the motion to dismiss.'" Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019) (quoting Artuert-Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)). Although I may consider the pleadings in the underlying action when a motion to dismiss is based on res judicata, I may grant the motion only if "the facts establishing the defense are clear on the face of the plaintiff's pleadings." Medina-Padilla v. U.S. Aviation Underwriters, Inc., 815 F.3d 83, 85 (1st Cir. 2016).

### III. ANALYSIS

The issue presented by the defendants' motion to dismiss is whether the stipulation of dismissal with prejudice that Howard agreed to in the Massachusetts action also bars her from litigating her current claims against WDH and WDPC. Because that stipulation was filed in a federal case presenting federal questions, the preclusive effect of the stipulation must be

6

determined by using federal common law. Taylor v. Sturgell, 533 U.S. 880, 891 (2008).

A claim is barred by the federal common law of res judicata if "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related."[2] Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 15 (1st Cir. 2010). Here, the pleadings in the Massachusetts action and this current action establish that all three elements of the defense have been satisfied.

A. **The Stipulation of Dismissal with Prejudice is a Decision on the Merits**

Howard's claims in the Massachusetts action were dismissed pursuant to a stipulation of dismissal with prejudice. It is established law in the First Circuit, and elsewhere, that "a voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the res judicata criterion." United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998); see also Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538, 542 (6th Cir. 2001); Samuels v. N. Telecom, Inc., 942 F.2d 834, 836 (2d Cir. 1991); Harrison v.

---

[2] "Res judicata" is sometimes used to refer to both issue preclusion and claim preclusion. Brownback v. King, 592 U.S. ----, 141 S. Ct. 740, 747 n.3 (2021). Here, the parties use the term to refer to claim preclusion.

Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 534 (4th Cir. 1990); Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990); Astron Indus. Assocs., Inc. v. Chrysler Motors Corp., 405 F.2d 958, 960 (5th Cir. 1968).

Howard does not challenge this general rule. Instead, she argues that it does not apply here because the stipulation "did not incorporate a general release." NH Doc. 19-1 at 8. This argument is a nonstarter. Although a stipulation of dismissal with prejudice ordinarily should be read together with any settlement agreement it was intended to implement, "[i]n the absence of a settlement agreement, . . . a judgment of dismissal pursuant to Rule 41 should be given the same res judicata effect as any other judgment." Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1289 (11th Cir. 2004); Wojciechowski v. Kohlberg Ventures, LLC, 923 F.3d 685, 689, 689 n.4 (9th Cir. 2019) (acknowledging that a release or settlement agreement can limit the scope of the preclusive effect of a dismissal with prejudice, but where "a case is dismissed with prejudice [and] there is no settlement agreement, normal claim preclusion rules apply"); see Muhammad v. Oliver, 547 F.3d 874, 877-78 (7th Cir. 2008). Howard does not claim that the stipulation implements a separate settlement agreement. Accordingly, the stipulation represents the parties' full agreement, and its meaning is clear. It

8

does not need to be accompanied by a release to constitute a judgment on the merits.

## B. The Causes of Action in the Earlier and Later Actions are Sufficiently Related

Res judicata bars a plaintiff from relitigating both claims that were raised in a prior action and claims that could have been raised in that action. Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998). In determining whether two causes of action are sufficiently related to be subject to res judicata, what matters is "whether the causes of action arise out of a common nucleus of operative facts." Id. To determine whether this standard has been satisfied, courts should ask "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." Id. (quoting Aunyx Corp. v. Canon U.S.A., Inc., 978 F.2d 3, 6 (1st Cir. 1992) (quoting Restatement (Second) of Judgments § 24 (1982))).

Howard's claims in the Massachusetts and New Hampshire actions plainly arise from the same common nucleus of operative fact. Both actions target Howard's suspension and termination and allege that she was improperly terminated for failing to comply with a vaccine policy that was developed by MGB and implemented by its affiliates. Additionally, both are specifically focused on Howard's unsuccessful effort to obtain a religious

9

exemption from the vaccine requirement. Because both actions are based on the same underlying common facts, they are sufficiently related to satisfy the second element of the defendants' res judicata defense even though the New Hampshire action asserts causes of action that were not included in the Massachusetts action.

    Howard does not challenge the defendants' contention that both actions arise from the same nucleus of operative fact. Instead, she attacks this element of the defense by claiming that she could not have asserted the claims she now brings against WDH and WPC in the Massachusetts action against MGB because these claims may only be asserted against an employer, and she now realizes that MGB was not her employer. NH Doc. 19-1 at 10. The problem with this argument is that it fails to account for the fact that Howard's complaint in the Massachusetts action was based on the theory that MGB was her employer. Howard never withdrew that contention or sought to amend her complaint to sue MGB in a different capacity. Thus, when she stipulated to the dismissal of her claims against MGB with prejudice, her stipulation resolved both the claims she asserted again MGB as her employer and any other claims arising from the same common nucleus of operative fact that she could have made against her employer. Because all of the claims that she now asserts against WDH and WDPC could have been made against MGB in the Massachusetts action, and because the claims in

both actions arise from a common nucleus of operative facts, the defendants have established the second element of their res judicata defense.

**C.     The Parties Are Sufficiently Closely Related**

Res judicata can be invoked both by parties to a prior action and nonparties who have a sufficiently close relationship to a party in the prior action. Airframe Sys., 601 F.3d at 17. "[P]rivity is a sufficient but not a necessary condition for a new defendant to invoke a claim preclusion defense." Id. Thus, even when privity does not exist, a new defendant may be able to benefit from res judicata if it is otherwise closely related to a party in the prior action. Id. Determining whether a "close and significant relationship" exists between two entities is fact-dependent, but when such a relationship exists, it is often because "the later claims were or could have been brought against the original defendant in the original suit and the subsequent suit tried to hold related defendants liable on related claims." Id. at 17-18 (cleaned up).

The defendants in this case easily satisfy the "close and significant relationship" requirement. WDH and WDPC are both subsidiaries of MGB. See, e.g., Doe v. Urohealth Sys., Inc., 216 F.3d 157, 162 (1st Cir. 2000) (noting that a parent-subsidiary relationship is a factor supporting a privity claim). But more importantly, Howard's claims in the New Hampshire action are based on the premise that she was discharged for failing to comply with a

11

vaccine policy that was developed by MGB and implemented through its affiliates, including WDH and WDPC. Under these circumstances, it is clear that both WDH and WDPC have the type of relationship with MGB that entitles them to benefit from the stipulation of dismissal that was entered in the Massachusetts action.

Howard nevertheless argues that WDH and WDPC should not be able to benefit from the stipulation of dismissal because she could not have sued them in the Massachusetts action, either because the Massachusetts court lacked personal jurisdiction over them or because she had yet to exhaust her administrative remedies against them. Neither argument is persuasive.

Howard has not presented a developed argument that the court in the Massachusetts action would have lacked personal jurisdiction over WDH and WDPC. But even if I were to accept her premise, it would not affect their right to benefit from the dismissal of Howard's claims against MGB. Personal jurisdiction depends on the contacts between a party and the court, whereas res judicata's related-party requirement turns on the relationship between a party in a former action and a party in the current action. See Pricaspian Dev. Corp. v. Royal Dutch Shell, PLC, No. 08 Civ. 9726, 2009 WL 1564110, at *10 (S.D.N.Y. June 3, 2009). If a plaintiff could have litigated her claims against a defendant in the prior action, and the former and current defendants are closely related, it simply does not matter whether the court

12

would have had personal jurisdiction over the current defendant in the prior action. Hay Group Mgmt., Inc. v. Schneider, 289 F. Supp. 3d 663, 673 n.15 (E.D. Pa 2018), aff'd in part and vacated in part on other grounds, 965 F.3d 244 (3d Cir. 2020); Pricaspian, 2009 WL 1564110, at * 10.

    Howard's contention that res judicata does not apply because she had not exhausted her administrative claims against WDH and WDPC when she dismissed her claims against MGB fails for similar reasons. A party need not be amenable to suit in a prior action to benefit from res judicata if the plaintiff could have raised her claims against a related party in the prior action, the claims in the prior action and the current action arise from a common nucleus of operative fact, and a related party entered a judgment on the merits in the prior action. Because all of these requirements have been satisfied, the stipulation of dismissal also bars her current claims against WDH and WDPC.

    Howard complains that she should not be held to her agreement to dismiss the Massachusetts action with prejudice because she joined that action based on a mistaken belief that MGB was her employer and only agreed to the stipulation so that she could sue her real employers in this court. NH Doc. 19-1 at 3-4. As a preliminary matter, Howard's argument amounts to an attack on the judgment, which ordinarily must be made either in the court where the judgment was rendered pursuant to Federal Rule of

13

Civil Procedure 60(b) or by an independent action securing relief from the judgment pursuant to Rule 60(b)(1). But even if I had the power to entertain Howard's argument, I would not grant her the relief she seeks. Howard was represented by counsel in the Massachusetts action. If she wanted to change course and sue MGB, WDH, and WDPC in a different court, she could have asked MGB for a stipulation of dismissal without prejudice. If MGB would not agree to dismissal on that basis, she could have sought a court order pursuant to Federal Rule of Civil Procedure 41(a)(2) specifying that her claims against MGB were being dismissed without prejudice to her right to sue WDH and WDPC. She followed neither path, however, and instead agreed to a stipulation of dismissal with prejudice. As other courts have recognized when considering similar arguments, "[r]es judicata may not be avoided on the basis of . . . an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice." Samuels, 942 F.2d at 837; see also Nemaizer v. Baker, 793 F.2d 58, 62-63 (2d Cir. 1986); Citibank, 904 F.3d at 1505. Because the preclusive effect of the stipulation of dismissal is clear on its face, I cannot disregard it merely because Howard and her attorney may have failed to fully understand its effect. Res judicata is not "some hollow principle meant solely to be in the side of losing parties" but is instead necessary to "serve[] interests of great concern to the public— like finality, repose, and judicial economy." Depianti v. Jan-Pro Franchising

14

Int'l, Inc., 873 F.3d 21, 28 (1st Cir. 2017). It is "fidelity to these core interests [that] is frequently of greater importance than 'any individual judge's ad hoc determination of the equities in a particular case.'" Id. (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 401 (1981).

## IV.  CONCLUSION

For the reasons set forth in this Memorandum and Order, I conclude that Howard's claims are barred by res judicata. Defendant's motion to dismiss (NH Doc. 10) is granted. The clerk shall close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

February 13, 2024

cc:     Counsel of Record

15